## JESUS DURAN *v.* THE TERRITORY OF NEW MEXICO.

Murder in Fifth Degree.—Evidence that there was ill-will, existing at the time of a homicide, between the prisoner and the deceased, and that, the parties being about thirty-five varas apart, the deceased took his gun from his shoulder as if to offend the prisoner, but did not present or point it at him, when the latter stepped back a few steps and fired the fatal shot, is sufficient to support a conviction for murder in the fifth degree.

Appeal from the district court of the second judicial district, for the county of San Miguel. The case is stated in the opinion.

*M. Ashurst*, for the appellant.

*R. H. Tompkins, attorney-general*, for the appellee.

By Court, DEAVENPORT, C. J.:

This case is an appeal to this court from the district court of the United States for the second judicial district, sitting in the county of San Miguel. Jesus Duran was indicted and arraigned upon the charge of the murder of Calloway James, and he pleaded not guilty. Upon this issue a trial was had, and the jury returned a verdict of guilty of murder in the fifth degree, and assessed his punishment at three years' imprisonment in the territorial prison. A motion was made for a new trial, which the court overruled. There are two grounds of error assigned: 1. That the district court erred in refusing to grant a new trial to appellant in the case; 2. The district court erred in rendering judgment in said cause. We have examined the evidence contained in the bill of exceptions, and find nothing in the same which conducts our minds to the conclusion that the district court erred in refusing the new trial. All the witnesses concur in their testimony touching a state of ill-feeling existing between the deceased and appellant, and one of the witnesses, Jose Duran, testified that after some conversation between deceased and Jesus Duran, deceased was walking with his gun on his shoulder, and Duran with his gun in a trailing position, and being about thirty-five varas from the door, he saw deceased take his gun from his shoulder, as if to offend Duran, and at that moment Jesus Duran stepped back a step or so, shot, and deceased fell. This is the testimony of a witness who saw the transaction. The deceased was walking with his gun on his shoulder, and Duran with his in a trailing position, and at the moment he takes his gun from his shoulder he is shot and falls dead. There is no evidence that deceased presented his gun at Duran, nor does the testimony show that deceased pointed it at him. There is other testimony in the case, but none shows that Duran was justified in killing deceased at the time he shot. Having disposed of this ground of error, the other assigned is also virtually disposed of. The judgment below is affirmed with costs.